**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

July 7, 2022

Richard P. Rollo, Esq.
Kevin M. Gallagher, Esq.
Travis S. Hunter, Esq.
Nicole M. Henry, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801

Ms. Laura Tyler Perryman
1521 Alton Rd., Suite 417
Miami Beach, FL 33139

RE:     *Stimwave Technologies Incorporated v. Laura Tyler
Perryman, et al.*, C.A. No. 2019-1003-SG

Dear Counsel and Ms. Perryman:

The Court is in receipt of Ms. Perryman's letter, dated June 30, 2022,[1] which advises that in Ms. Perryman's view "[t]here exists no confirmation of . . . claims" that any government agency, including the Department of Justice, might bring against Ms. Perryman individually. That letter requests that I lift the stay currently in place in this case as a result.

---

[1] Dkt. No. 503.

The stay was originally put in place following briefing on Plaintiff Stimwave's Motion to Stay or for Adverse Inference, filed March 15, 2022.[2] The Plaintiff's papers in support of that motion indicated a concern that Ms. Perryman might refuse to answer questions posed at deposition based on her Fifth Amendment rights.[3]

In light of Ms. Perryman's letter dated June 30, 2022, I assume that she will not assert her Fifth Amendment rights and refuse to answer questions in connection with any deposition in this action. If Ms. Perryman does invoke her Fifth Amendment rights, Stimwave may apply for appropriate relief, if needed.

Following this Letter Order, Ms. Perryman's application to have the stay lifted is GRANTED. The parties should inform me whether the Status Quo Order, currently the subject of an "Ex Parte Motion to Vacate,"[4] should remain in place following the lift of the stay.

Sincerely,

/s/ Sam Glasscock
Vice Chancellor Glasscock III

---

[2] Dkt. No. 450.
[3] *See, e.g.*, *id.*
[4] Dkt. No. 497.